UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:19 CR 146 SNLJ |
| | ) |
| v. | ) |
| | ) |
| JAQUAN WHITFIELD, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636. Pending before the undersigned is Defendant Jaquan Whitfield's Motion to Reconsider Detention Order. (Doc. 30.) The Government filed a Response (Doc. 32) in opposition to the Motion.

In consideration of the pleadings, the undersigned recommends that the following findings of fact and conclusions of law be adopted, and that Whitfield's Motion be denied.

**I.   Findings of Fact**

On November 12, 2019, Whitfield waived his right to a detention hearing. The undersigned found that the waiver established "clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure [Whitfield]'s appearance at future proceedings and the safety of any other person and the community." (Doc. 13.)

Whitfield entered a plea of guilty on March 2, 2020, before the Honorable Stephen N. Limbaugh, Jr., United States District Judge. He pled guilty to a single count of distributing

heroin on December 7, 2018. The parties agreed that Whitfield may be a career offender; and both parties reserved their right to argue that he is or is not a career offender. (Doc. 15 at p. 4.) At the conclusion of the plea hearing, Judge Limbaugh remanded Whitfield to the custody of the United States Marshals Service as an Order of Detention had previously been entered and Whitfield's case was subject to mandatory detention under 18 U.S.C. § 3143(a)(2). This case is set for sentencing on June 2, 2020.

Detention was mandated because the offense to which Whitfield pleaded guilty is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*., and carries a maximum term of imprisonment of ten years or more, *see* 18 U.S.C. § 3142(f)(1)(C) (incorporated by reference in 18 U.S.C. § 3143(a)(2)). A defendant subject to mandatory detention pending sentencing may be released only for "exceptional reasons." 18 U.S.C. § 3145(c).

Whitfield now requests that this Court reconsider the Order of Detention "in light of COVID-19 and the serious risk of infection created by the design of a jail." Whitfield asks to be released "on GPS monitoring. . .given the public health emergency created by the COVID-19 pandemic." (Doc. 30 at p. 1.) In support of his request, Whitfield states that he:

> suffers from Crohn's disease, an immune-inflammatory disease, and has recently developed anxiety and painful flare-ups in coping with the news of the pandemic. Based on his medical condition, [he] asserts he is at high risk should he contract the virus.

*Id*.

The Government opposes the release request. First, the Government argues that COVID-19 concerns do not have a "material bearing" on whether Whitfield poses a flight risk or a danger to the community which is a prerequisite for the Court to reopen the detention

hearing under § 3142(f).  Second, the Government argues that Whitfield has failed to show that temporary release under § 3142(i) is necessary for his health as he only advanced general concerns about the virus that apply to all pretrial detainees with similar health conditions.  In response to the COVID-19 pandemic, the Government reported that the Bureau of Prisons has implemented various practices to mitigate transmission of the virus by Federal prisoners, which are being followed by the facilities holding Federal detainees in this District.  (Doc. 32 at pp. 2-3.)  The measures include:

> (1) prohibiting all social and volunteer visits; (2) restricting legal visits (with case-by-case exceptions); (3) suspending inmate facility transfers (with exceptions for medical treatment and other compelling reasons); (4) requiring staff health screening, including temperature checks; (5) implementing a variety of coronavirus-specific protocols for inmates, such as screening new inmates, quarantining asymptomatic inmates, and isolating and testing inmates with exposure risk factors (in addition to its routine infectious disease management program); and (6) modifying operations to maximize social distancing and to limit group gatherings.

*Id.* (Citing Federal Bureau of Prisons, *Federal Bureau of Prisons COVID-19 Action Plan*, https://www.bop.gov/resources/news/20200313_covid-19.jsp.).  Third, the Government argues that granting Whitfield's Motion would place unnecessary burdens on the Court and Pretrial Services.

### II. Analysis

The decision to release a defendant pending sentencing is governed by 18 U.S.C. § 3143.  After a defendant has been found guilty of an offense described in § 3142(f)(1)(A), (B), or (C), the judicial officer "shall order" the defendant detained unless two conditions are met: (1) there is a substantial likelihood that a motion for acquittal or new trial will be granted, or (2) an attorney for the government has recommended that no sentence of

imprisonment be imposed; *and* there is clear and convincing evidence that the defendant is not likely to flee or pose a danger to any person or the community. 18 U.S.C. § 3143(a)(2).

Notwithstanding the mandatory detention provisions of 18 U.S.C. § 3143, a defendant may be released pending sentencing "under appropriate conditions ... if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).  Exceptional reasons that may warrant release under § 3145(c) are reasons that are "clearly out of the ordinary, uncommon, or rare." *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (per curiam) (internal quotation marks omitted); *see also United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) (finding that defendant's treatment for depression and risk of suffering violence were not exceptional reasons to permit defendant to self-surrender after sentencing); *United States v. Rausch*, 746 F. Supp. 2d 1192, 1201–02 (D. Colo. 2010) (exceptional reasons did not exist to warrant release of a defendant with severe medical disabilities who needed a kidney transplant); *United States v. Green*, 250 F. Supp. 2d 1145, 1149 (E.D. Mo. 2003) (observing that "mere personal reasons," including family- or health-related hardships, are not "exceptional," and collecting cases).

Whitfield mistakenly argues that his release *pending trial* is appropriate based on his immune-inflammatory disease and the increased risk of COVID-19 infection posed by the design of jails.  As previously noted, Whitfield pled guilty in early March.  Whitfield ignores his adjudication of guilt which precludes applying "the less stringent legal standard that applies to pre-trial release.  *Compare* 18 U.S.C. § 3142 *with* 18 U.S.C. §§ 3143, 3145(c)." *United States v. Goldman*, No. 19-cr-0263 (WMW), 2020 WL 1547380, *2 (D. Minn. Apr. 1, 2020).

Other than claiming that he is potentially more susceptible to illness or death *if* he contracts the COVID-19 virus based on the fact he has Crohn's disease, Whitfield's argument that the jail's design creates a serious risk of infection is too speculative and generalized to warrant release. The facility holding Whitfield has implemented measures recommended by the Bureau of Prisons to mitigate the spread of the Coronavirus. In the event COVID-19 should enter the Sainte Genevieve County Jail, there are plans in place to isolate and control such an outbreak.

The undersigned recognizes that the world's battle against the continued spread of the Coronavirus has greatly impacted daily human functioning and how we safely interact with one another. There is no doubt that the current health emergency poses challenges and concerns within the jail-setting. Even so, an individual prisoner's medical condition that potentially makes the person more susceptible to succumbing to the virus *if* it is contracted is not an exceptional circumstance that requires release while they await sentencing. *See Goldman*, 2020 WL 1547380 at *2 (finding that the "unique and pressing challenges posed to both society as a whole and the prison population" presented by COVID-19 do not establish exceptional circumstances warranting release under § 3145(c)); *United States v. Lunnie*, No. 17-107(01) (DWF/TNL), 2020 WL 1471683 (D. Minn. Mar. 26, 2020) (release under § 3145(c) not permitted for 66-year-old defendant suffering from multiple medical problems including diabetes, high blood pressure, kidney stones, and a recent surgery for abdominal aortic aneurysm who alleged he had a greater risk of COVID-19 infection in the prison setting).

### III.  Conclusion

Whitfield has not shown that his health-related hardships in conjunction with the current pandemic and the jail's design create an exceptional circumstance requiring his release before sentencing. The Court finds that the circumstances presented do not warrant Whitfield's release under § 3145(c).

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant Jaquan Whitfield's request for release from custody pending sentencing (Doc. 30) be **denied**.

Further, the parties are advised that they have fourteen days (or, not later than April 23, 2020) in which to file written objections to this Report and Recommendation, unless an extension of time for good cause is obtained.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.  *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

/s/ *Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of April, 2020.